**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT**

| | | |
|---|---|---|
| HON. TRACIE M HUNTER | : | Case No. 1:16-cv- |
| PO Box 32325 | : | |
| Cincinnati, Ohio 45211 | : | Judge |
| | : | |
| **Plaintiff,** | : | Magistrate |
| vs. | : | |
| | : | |
| HAMILTON COUNTY BOARD | : | COMPLAINT FOR INJUNCTIVE RELIEF, |
| OF ELECTIONS | : | CIVIL RIGHTS VIOLATIONS, |
| In its official capacity as a county board of | : | DECLARATORY JUDGMENT |
| Elections | : | |
| 824 Broadway | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |
| : | | |

**INTRODUCTION**

1.     This is an action for injunctive relief seeking to enjoin actions for the Defendant Board of

Elections which constitute violations by the Defendants of Plaintiff's rights 1) guaranteed by the

Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983 to seek the

elective office of judge of the Hamilton County Juvenile Court in the November 2016 election,

and of freedom of speech and association; 2) to her right of equal protection guaranteed by the

Fifth and Fourteenth Amendments of the United States Constitution and 42 U..S.C §1983

whereby she is being treated differently than other electors of Hamilton County and similarly

situated petitioners for elective office; and for redress of deprivations of protected individuals

without due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution and 42 U.S.C. §1983 and Articles 1 and IV of the Ohio Constitution.

**Jurisdiction and Venue**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343, 1344 and 1367. This Court has jurisdiction over the Plaintiff's state law claims pursuant to its supplemental jurisdiction. Jurisdiction is proper as the Complaint involves federal questions pertaining to civil rights violations, Section 1983 actions and violations of the constitutional rights of Plaintiff under the United States Constitution. This action is being brought pursuant to 42 U.S.C. 1983.

3.      This Court has venue over this action pursuant to 28 U.S.C. §1391(b) and is proper as Plaintiff resides in Hamilton County and the principal office of the BOE is located in Hamilton County, Ohio. The cause of action arose from its activity and conduct in Hamilton County, Ohio.

**Parties**

4.      Plaintiff, Tracie M. Hunter (hereinafter, "Judge Hunter") is a resident of Hamilton County, Ohio and is a duly elected member of the Common Pleas Court of Hamilton County, Juvenile Division. She has been suspended as a Judge since January 2014, following a felony conviction, currently under Habeas review by the United States District Court. Judge Hunter was never permanently removed as the Judge of the Juvenile Court, per Ohio Constitution Article IV, §17, which requires due process, but is suspended only. Pursuant to O.R.C 2301.01, at the time of filing petitions with the BOE, she met all the requirements to be placed on the ballot for Common Pleas Court. She served as a Judge of court of record in a jurisdiction in the United States and had been admitted to practice law in Ohio for over six years when initially sworn in.[1]

---

[1] **2301.01 Courts of common pleas.**

There shall be a court of common pleas in each county held by one or more judges, each of whom **has been admitted to practice as an attorney at law in this state and has**, for a total of at least six years preceding the judge's appointment or commencement of the judge's term, engaged in the practice of law in this state **or served as a judge of a court of record in any jurisdiction in the United States**, or both, resides in the county, and is elected by the electors therein. Each judge shall be elected for six years at the general election immediately preceding the year in which the term, as provided in sections 2301.02 and 2301.03 of the Revised Code, commences, and the judge's successor shall be elected at the general election immediately preceding the expiration of that term. *(Emphasis added.)*

5.      Defendant Hamilton County Board of Elections (hereinafter "BOE" or "the Board") is sued in its official capacity. Defendant BOE interprets and enforces election laws in Hamilton County. Such laws require the BOE to certify all petitioners as candidates for elected office who pay the appropriate filing fees, obtain the requisite number of signatures to be placed on the ballot and/or meet the requirements for that office. The BOE is obligated to implement and administer all election laws equitably in the state of Ohio pursuant to Chapters 3501 and 3513 of the Ohio Revised Code, including but not limited to §§ 3501.38, 3501.39, 3503.01, 3513.10; and related articles contained in the Ohio State Constitution, including Article IV, §§ 1, 4, 6 and 17.

## STATEMENT OF FACTS

6.      On or about November 3, 2015, Judge Hunter early voted in person at the Hamilton County BOE in the General Election and said vote was counted, per the BOE's admission.

7.      On or about December 16, 2015, Judge Hunter timely filed a petition containing signatures for the Hamilton County Common Pleas Judgeship for the full-term commencing 1-1-2017 and paid the $80 requisite filing fee.

8.      On December 21, 2015, the BOE reviewed all petitions and determined, during a public meeting of the BOE, that Judge Hunter had the valid number of requisite signatures necessary to be included on the primary ballot, but voted to deny her candidacy, in violation of the law, based solely on an opinion letter the BOE obtained to review her eligibility. A true and accurate copy of the Hamilton County BOE meeting minutes and meeting transcripts are attached as *Exhibits A and B;* and a true and accurate copy of the BOE opinion letter is attached as *Exhibit C.*

9.   The BOE denied her candidacy in reliance on the BOE's opinion letter that she was not a qualified elector and that she failed to meet the requirements of a Common Pleas Judge. *Id.*

10. On or about March 8, 2016, Judge Hunter presented herself at the BOE headquarters to early vote in the primary election and, for the first time, was notified by a BOE employee that she had been removed as an elector by the BOE, pursuant to a Clerk of Court's Monthly Report of Convictions reportedly prepared by the Clerk of Courts on 2-26-2016. Ex. D.

11. The word Amended appears to have been written in after the document was created. *Id.*

12. Per the Change History Report of Judge Hunter's voter registration and voting history, created and maintained by the BOE, the BOE did not change Judge Hunter's elector status for the first time until March 1, 2016. *Ex. E.*

13. At all times between August 19, 1987, when Judge Hunter first registered to vote, and March 1, 2016, when she was removed by the BOE from the voter registration lists, Judge Hunter was a qualified elector with the State of Ohio. *Ex. F*

14. On March 8, 2016, Judge Hunter filled out a new voter registration form (*Ex. G)* and voted provisionally, as she was instructed by the BOE employee to do.

15. On August 16, 2016, Judge Hunter again filed a timely petition as a write-in candidate and paid another $80 filing fee required to seek re-election as the incumbent Judge of Juvenile Court for the Hamilton County Common Pleas Court for the full-term commencing 1-1-2017.

16. On August 26, 2016 Attorney Jennifer Branch sent a letter to the BOE notifying them that Judge Hunter was qualified to be placed on the ballot, based both on existing Ohio Law and an opinion of the Ohio Attorney General that determined that in similar cases as Judge Hunter's, where persons had been convicted of a felony, but their cases were pending, they qualified to be placed on the ballot to prevent irreparable harm once the defect was cured. *Ex. H*

17. On September 13, 2016, the BOE reviewed the write-in petitions and, during a public meeting of the BOE, voted to deny her candidacy, based on the BOE's opinion letter that she

4

was ineligible to be a candidate because she was not a registered elector and because her law license was suspended in the State of Ohio. A true and accurate copy of the Hamilton County BOE meeting minutes and meeting transcripts are attached as *Exhibits I and J;* and a true and accurate copy of the BOE opinion letter is attached as *Exhibit K.*

18.     On or about September 22, 2016, Judge Hunter visited the BOE website maintained as the official website of the Hamilton County BOE and downloaded and saved the official registration voter list for precinct C, pursuant to her voter registration card she received in the mail. The BOE website showed Judge Hunter as an active voter with A next to her status. *Ex. L*

19.     On September 27, 2016, Judge Hunter sued the BOE in this Court for Injunctive Relief to ensure her right to vote, based on the BOE's representation September 13, 2016 that she was not a registered elector, per a felony conviction, for which reason Defendants stated in the media and in a published opinion that they refused to certify her as a write-in candidate. *Ex. M*

20.     On September 30, 2016, when Judge Hunter returned to the BOE official public website and typed in her address and checked the voter registration card where she previously appeared as an active registered voter, her name had been removed from the official voter registration list and she no longer appeared in the BOE website as a voter. *Ex. N*

21.     After Judge Hunter sued the BOE, she received a letter from the BOE, notifying her that her Voter Registration, accepted and approved on August 19, 2016, was processed in error and that her name had been removed a second time from the BOE voter rolls. *Ex. O.*

22.     On October 16, 2016, this Court granted a TRO enjoining the BOE from denying Judge Hunter the right to vote as a qualified elector of the State of Ohio, effectively removing the only disqualifying factor that could have prevented Judge Hunter from being a candidate. *Ex. P*

23.     When Judge Hunter turned in her petitions to run in the primary in December 2015, and again on August 23, 2016, she was a legally qualified elector.

24.     In rejecting Judge Hunter's petition for candidacy, the BOE disregarded the fact that Judge Hunter is still the legal office holder of the Common Pleas Juvenile Court seat and that she only needed to satisfy the part of the O.R.C. that required her to have been a judge in any jurisdiction prior to her candidacy because Judges are prohibited from practicing law.

25.     The BOE further disregarded the fact that Judge Hunter had been granted a stay most recently by the U.S. District Court and twice previously by the Ohio Supreme Court, and such stays were actively in place at all times following the 2014 conviction that the BOE relied on to deny certifying her as a candidate in the 2016 March primary and November General Elections.

26. The BOE is charged with implementing Ohio's election laws, including ORC 2301.01 and those established by the Ohio Constitution. The Board is statutorily required to process and approve petitions for candidacy that otherwise meet all requirements pursuant to ORC 2301.01 and Ohio Constitution Articles I and IV, §§ 1, 4, 6 and 17.

27.     The actions of the Defendants are willful, wanton, malicious and were taken in bad faith, and without any rational reason or justification.

28.     Unless enjoined, the actions of the BOE will prevent Judge Hunter from appearing on the November 2016 General Election ballot, as every other qualified elector and petitioner for candidacy and will cause her irreparable harm for which she lacks an adequate remedy at law.

**First Claim for Relief**

29. Paragraphs 1 through 27 are re-alleged and incorporated herein as if fully rewritten herein.

30. Defendants actions in denying Judge Hunter access to the ballot and disqualifying Judge Hunter's petitions, violates her constitutional rights guaranteed under the First Amendment

of the U.S. Constitution and/or 42 U.S.C. §1983 and the Ohio Constitution, Article 1 and Article IV, Sections 1, 4, 6 and 17.

**Second Claim for Relief**

31.     Paragraphs 1 through 30 are re-alleged and incorporated herein as if fully rewritten herein.

32.     Defendant's action and conduct in denying the Plaintiff access to be on the ballot, when she met all of the ORC criteria, which only required her to, at any prior time have been admitted to practice as an attorney in Ohio and: EITHER for a total of six years preceding the commencement of the original term been engaged in the practice of law in Ohio; OR served as a judge of a court of record in any jurisdiction the United States; OR BOTH reside in the county and be elected by the electors, (emphasis added), is unconstitutionally denying equal protection of the laws and rights guaranteed under the 14th Amendment of the U.S. Constitution; and Ohio Constitution Article 1 and Article IV, Sections 1, 4, 6 and 17.

**THIRD CLAIM FOR RELIEF DECLARATORY JUDGEMENT**

33.     Paragraphs 1 through 32 are re-alleged and incorporated herein as if fully rewritten herein.

34.     Controversy exists regarding the constitutionality of the Defendant's actions in denying Plaintiff access to the ballot, including the application of ORC 2151.07 and violations of the Plaintiff's constitutional rights guaranteed under the Fourteenth Amendment of the U.S. Constitution and the Ohio State Constitution, Articles 1 and IV, §§ 1, 4, 6 and 17.

35.     A declaration of the Plaintiff's constitutional rights regarding Defendant's actions and conduct in denying Judge Hunter's access to the ballot and petitions pursuant to the Ohio election laws for judgeship, including the application of ORC 2301.01 and violations of the

Plaintiff's constitutional rights under the Fifth Amendment of the U.S. Constitution, and the Ohio Constitution, Article IV, §§ 1, 4, 6 and 17 will resolve such controversy.

36.     Plaintiff seeks a declaration by this Court and declaratory judgment relief, declaring that the actions and conduct in denying Judge Hunter access to the ballot and the primary and write-in petitions, based on an inaccurate interpretation of ORC is a violation of Plaintiff's constitutional rights guaranteed under the United States and Ohio Constitutions.

**FOURTH CLAIM FOR RELIEF- INJUNCTIVE RELIEF**

37.     Paragraphs 1 through 35 are re-alleged and incorporated herein as if fully rewritten herein.

38.     Plaintiff will suffer irreparable harm and injury as a result of the Defendant's actions and conduct in denying the Plaintiff access to the ballot and disqualifying her candidate petitions.

39.     Plaintiff has no adequate remedy in the ordinary course of law for such rights guaranteed under the Fourteenth and Fifth Amendments of the U.S Constitution.

40.     Plaintiff seeks injunctive relief, temporary, preliminary and permanent injunctions both preventive and mandatory regarding the violations of Plaintiff's constitutional rights under the Fourteenth Amendment of the Constitution and the Ohio Constitution Article IV.

41.     Plaintiff seeks preventive injunctive relief prohibiting the enforcement and application of the unconstitutional actions and conduct of the Defendants; and enjoining Defendants from continuing such unconstitutional action and conduct.

42.     Plaintiff seeks mandatory injunctive relief compelling the enforcement and application of the constitutional enforcement and application of the election laws, ordering Judge Hunter's placement on the ballot in the November 2016 General Election.

**FIFTH CLAIM FOR RELIEF**

43.     Paragraphs 1 through 41 are re-alleged and incorporated herein as if fully rewritten herein.

8

44.   The actions of the Defendants have treated Plaintiff differently than similarly situated individual electors seeking candidacy as Common Pleas Judges in Hamilton County and in the State of Ohio in violation of her rights to equal protection guaranteed by the Equal Protection Clause contained in the Fifth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. §1983.

**SIXTH CLAIM FOR RELIF**

45.   Paragraphs 1 through 43 are re-alleged and incorporated herein as if fully rewritten herein.

46.   The actions of the Defendants constitute an unlawful deprivation of Plaintiff's protected interests without due process in violation of Plaintiff's rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. 1983.

**SEVENTH CLAIM FOR RELIEF**

47.   Paragraphs 1 through 45 are re-alleged and incorporated herein as if fully rewritten herein.

48.   Cancellation of Plaintiff's voter registration for the purpose of denying Judge Hunter's right to be placed on the primary ballot in December 2015 and as a write-in in August 2016, violated her right to seek public office and be duly placed on the ballot in a timely manner in advance of the General Election in violation of her rights guaranteed under the First, Fifth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. §1983.

**EIGHTH CLAIM (STATE LAW) FOR RELIEF**

49.   Paragraphs 1 through 48 are re-alleged and incorporated herein as if fully rewritten herein.

50.   The actions of the Defendants constitute an unlawful deprivation without due process in violation of Plaintiff's rights protected by Articles I and IV of the Ohio Constitution.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a)  A Temporary Restraining Order, preliminary and permanent injunction enjoining

Defendant's from violating Plaintiff's constitutional rights by refusing to place her on

the ballot in the November 8, 2016 General Election;

b)  An award of compensatory and punitive damages;

c)  An award of Plaintiff's reasonable attorney's fees and costs;

d)  Any other relief which this Court deems just and equitable.

Respectfully Submitted,

_____

Judge Tracie M. Hunter, Pro Se
PO Box 32325
Cincinnati, Ohio 45232
Email: Thunterlaw@gmail.com
Telephone 513-662-6247


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was

served by electronic mail upon the following:

Hamilton County Board of Elections
824 Broadway
Cincinnati, Ohio 45202

Tracie M. Hunter, Judge,
Pro Se