# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| TRACIE M. HUNTER, | : | |
| | : | Case No. 1:16-cv-996 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Michael R. Barrett |
| | : | |
| HAMILTON COUNTY BOARD OF ELECTIONS, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR SANCTIONS

Defendant, the Hamilton County Board of Elections, hereby moves the Court to order Plaintiff to pay the reasonable expenses, including attorney's fees, incurred because of her noncompliance with the Court's December 5, 2016 Calendar Order. (ECF No. 23.) A memorandum in support is attached hereto.

/s/ Mark Landes
Mark Landes (# 0027227)
mlandes@isaacwiles.com Email
*Trial Attorney*
Shawn Judge (# 0069493)
sjudge@isaacwiles.com Email
Holly Oak (# 0090496)
hoak@isaacwiles.com Email
**Isaac Wiles Burkholder & Teetor, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215
614-221-2121 Phone
614-365-9516 Facsimile
*Attorneys for Defendant*
*Hamilton County Board of Elections*

**MEMORANDUM IN SUPPORT**

On December 5, 2016, the Court filed a Calendar Order in which it set the following five deadlines: (1) a December 16, 2016 deadline for filing a motion to amend the complaint, (2) a December 16, 2016 deadline for motions relative to the pleadings, (3) a February 3, 2017 discovery deadline, (4) a March 3, 2017 dispositive motions deadline, and (5) a May 5, 2017 hearing date. (ECF No. 23.) In response to that Order, Defendant filed a motion to dismiss on December 14, 2016. (ECF No. 24.) Even after the Court *sua sponte* provided Plaintiff with additional time to prosecute her case in an April 12, 2017 Show Cause Order (ECF No. 25) Plaintiff never perfected service, never filed a motion to amend her complaint, never conducted discovery beyond the initial injunction discovery, and never filed a dispositive motion.

Plaintiff also failed to appear for the May 5, 2017 hearing. At that hearing, the Court entertained an oral motion supplementing the pending written motion to dismiss and, in a May 5, 2017 Order, the Court dismissed the case for failure to serve and failure to prosecute. (ECF No. 27, at Page ID # 1139.) The Court also indicated at the May 5, 2017 hearing that it would consider a motion for sanctions related to Plaintiff's failure to appear at the hearing.

Federal Rule of Civil Procedure 16(f) provides the mechanism for obtaining such sanctions. Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders . . . if a party . . . fails to appear at a scheduling or other pretrial conference . . . or . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A) and (C). *See also Reece v. Langford*, 798 F.2d 1415, 1986 WL 17298, at *1 (6th Cir. 1986) (unpublished table decision) (recognizing that a party's failure to attend a pretrial conference is sanctionable under Rule 16(f)). Rule 16(f) then provides that, "[i]nstead of or in addition to any other sanction, the court

must order the party . . . to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances male an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Here, Plaintiff failed to perfect service and to respond to the show cause order as directed by the Court. Notably, she also failed to appear for the in-person, in-court hearing as required by the Calendar Order. This conduct led to the Court holding a hearing that could have been avoided or, at the least, conducted on the papers already before the Court without Defendant incurring the fees and expenses associated with its counsel preparing for, attending, and returning from the May 5, 2017 hearing.

Accordingly, Defendant respectfully asks the Court to sanction Plaintiff under Rule 16(f) and under the inherent power of the Court for her disregard of the Court's Orders, which resulted in Defendant incurring unnecessary fees and expenses. Defendant requests $2,000.00 for the hearing- and sanctions-related work performed by lead counsel, trial attorney Mark Landes, $119.72 in expenses incurred in preparing for and attending the hearing, and $1,200.00 for the hearing- and sanctions-related work performed by co-counsel, attorney Shawn Judge, all of which constitutes a total sanction in the amount of $3,319.72. No time for work that does not relate to the hearing or this motion for sanctions is included in this limited request. An affidavit of each attorney is set forth at Exhibit 1 and Exhibit 2, respectively, and an itemized billing record of the fees and expenses requested is attached as Exhibit 3. A proposed order is attached as Exhibit 4 and has also been sent to chambers email pursuant to Court policy.

Respectfully submitted,

*/s/ Mark Landes*
Mark Landes (# 0027227)
mlandes@isaacwiles.com Email
*Trial Attorney*
Shawn Judge (# 0069493)
sjudge@isaacwiles.com Email
Holly Oak (# 0090496)
hoak@isaacwiles.com Email
**Isaac Wiles Burkholder & Teetor, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215
614-221-2121 Phone
614-365-9516 Facsimile
*Attorneys for Defendant*
*Hamilton County Board of Elections*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 18, 2017, the foregoing was filed with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Mark Landes*
Mark Landes (# 0027227)
mlandes@isaacwiles.com Email
*Trial Attorney*